UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christian James TRAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:22-cv-12068-IT |
| | * |
| Bruce SUMMERS, Lisa STEWART, | * |
| Geoffrey E. SNYDER, Janet L. YELLEN, | * |
| and DOES 1 THROUGH 100, | * |
| | |
| Defendants. | |

MEMORANDUM & ORDER

September 28, 2023

TALWANI, D.J.

Plaintiff Christian Tran brings this suit against various state and federal government officials, alleging that the taxes he was obligated to pay are unconstitutional. He seeks an injunction halting the process of assessing income taxes, as well as compensatory and punitive damages. The United States and the Commissioner of the Massachusetts Department of Revenue moved to dismiss. For the reasons set forth herein, Defendants' Motions to Dismiss are GRANTED.

I. **Allegations Set Forth in the Complaint**

Tran is a Massachusetts resident and an employee or former employee of the Federal Milk Market Administrator. Compl. ¶¶ 7, 58 [Doc. No. 1]. His Complaint in large part seeks to challenge the constitutionality of income tax assessments. E.g., id. at ¶ 11 ("[d]irect taxes on income or property are unlawful" under the United States Constitution); ¶ 33 (officers of the government violate Constitution by "creat[ing] or enforc[ing] a tax law"). Tran contends that, because he did not elect to willingly participate in the "taxpayer system," any taxes he has been

required to pay are unlawful. Id. at ¶¶ 35-39. Relatedly, Tran also maintains that any taxes he has paid to the federal government or the state of Massachusetts are "a mistake on Plaintiff's part and not by voluntary consent or agreement." Id. at ¶ 52. Tran objects to a levy on his wages by the Commonwealth of Massachusetts, id. at ¶¶ 57, 79, and provides a statement from the Massachusetts Department of Revenue garnishing $2,600.87 in income tax (plus late penalties and interest) for the 2016 tax year, Compl., Ex. C. [Doc. No. 1-2]. Tran asserts that "[t]he IRS, the United States, and Plaintiff's employer Market Administrator Federal Milk, are required by law to cease and desist the garnishment of Plaintiff's wages immediately." Compl. ¶ 58 [Doc. No. 1].

In August 2022, Tran wrote to the Defendants, raising substantially similar arguments as he has now advanced before this court. Compl., Ex. B [Doc. No. 1-2].

## II.     Procedural Background

Tran initiated this action on December 6, 2022, naming Bruce Summers, Administrator, United States Department of Agriculture, Agricultural Marketing Service; Lisa Summers, HR Specialist, United States Department of Agriculture, Agricultural Marketing Service; and Janet Yellon, Secretary, Department of the Treasury (collectively, the "Federal Defendants"); and Geoffrey Snyder, Commissioner, Commissioner of the Massachusetts Department of Revenue ("Commissioner"). Compl. ¶¶ 1, 8 [Doc. No. 1]. Tran alleges only one cause of action, entitled: "Trespass By Unconstitutional Garnishment Deprivation of Due Process Rights." Id. at ¶¶ 42-43.

The United States filed a Motion to Dismiss [Doc. No. 12] the claims against the Federal Defendants. That motion is fully briefed. See Plaintiff's Opposition to the United States Motion

to Dismiss [Doc. No. 21]; United States's Reply to Plaintiff's Opposition [Doc. No. 25]; Plaintiff's Opposition to the United States Reply [Doc. No. 26].

Defendant Commissioner also filed a Motion to Dismiss [Doc. No. 15] the claims against him. The court granted Tran's Motion for Additional Time [Doc. No. 20] to respond to the Commissioner's motion, see Elec. Order [Doc. No. 22] (affording Tran an additional month), but Tran failed to respond.[1] Tran did not file a further opposition to the Commissioner's Motion.

The court provided Tran a further opportunity to address Defendants' Motions at a hearing on September 28, 2023, but Tran objected to proceeding at the hearing on the grounds that it was a denial of his due process rights to have this matter heard before a judge, rather than a jury.

The court GRANTS the Motions to Dismiss for the reasons that follow.

### III.     Standard of Review

When evaluating motions under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006) (reviewing 12(b)(6)); Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009) (reviewing 12(b)(1)).

"Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting federal jurisdiction has the burden of demonstrating its existence. Id. Dismissal under Rule 12(b)(1) at the pleading stage is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject-matter jurisdiction. Fothergill, 566 F.3d at 251. A

---

[1] Two months later, Tran sought a default judgment on the ground that no Defendant had answered his Complaint. Mot. [Doc. No. 27]. The court denied the request in light of the timely filed motions to dismiss. Elec. Order [Doc. No. 29].

12(b)(1) challenge to the court's subject-matter jurisdiction must be addressed before addressing the merits of a case. Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013).

If the complaint survives dismissal under Rule 12(b)(1), it must contain sufficient factual material to "state a claim to relief that is plausible on its face" to also survive Rule 12(b)(6). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "an adequate complaint must include not only a plausible claim but also a plausible defendant." See Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

In general, a complaint filed *pro se* is "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). That does not mean that *pro se* plaintiffs need not plead facts sufficient to state a claim, but it does afford them some leniency when facing a motion to dismiss. See Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

**IV.  Discussion**

    A.  *Claims Against the Commissioner*

Tran has waived any objection to dismissal of his claims against the Commissioner by failing to file an opposition.

Even if there was no waiver, dismissal is warranted here. The Tax Injunction Act bars this court from reviewing Tran's claims for relief related to his obligations to pay state income tax. 28 U.S.C. § 1341. "Congress' intent in enacting the Tax Injunction Act was to prevent federal-court interference with the assessment and collection of state taxes[.]" California v. Grace Brethren Church, 457 U.S. 393, 411 (1982). Thus, the Act "is a complete bar to maintaining [an] action in a federal forum" on a state tax claim. Cumberland Farms, Inc. v. Tax Assessor, 116 F.3d 943, 945 (1st Cir. 1997). The First Circuit has interpreted the Act's scope to "forbid[] not only injunctive relief, but also declaratory and monetary relief." Id.

Relatedly, the Supreme Court has held that the Act's comity principles strip federal courts of jurisdiction to entertain Section 1983 claims against state officials as a result of their collection or assessment of taxes. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 113-114 (1981) ("We are convinced that [a § 1983 action] would be fully as intrusive as the equitable actions that are barred by principles of comity."); see Flynn v. Hannaford, 2022 WL 19732783 at *1 (1st Cir. Sept. 28, 2022). This bar is subject to one narrow exception, not applicable here, where state law does not provide the plaintiff a "plain, adequate, and complete" remedy. Fair Assessment, 454 U.S. at 116. Administrative remedies and state court forums are available to Tran. See Flynn, 2022 WL 19732783 at *2 ("Massachusetts law provides [plaintiff] with a 'plain, speedy and efficient' and 'plain, complete, and adequate' remedy for his claims as required under the TIA and the comity principle, respectively."). Accordingly, he is barred from proceeding on his state tax claim in federal court.

B.   *Claims Against Federal Defendants in their Official Capacities*

As a preliminary matter, the United States correctly notes in its briefing that "a suit to enjoin tax collection by the United States is a suit against the United States," regardless of

whether federal officials are the named parties in the suit. Def.'s Mem. MTD 8 [Doc. No. 13]; see O'Connell v. IRS, 2004 WL 1006485, at *1 n.2 (D. Mass. Mar. 22, 2004) ("former Commissioner of the Internal Revenue Service" improper party to action challenging government's assessment of taxes from plaintiff). As a result, while Tran objects to the United States participation here, the proper party to Tran's action is the United States, not any individual Defendant (even in his or her official capacity).

        1.        The Anti-Injunction Act Bars Claims for Injunctive Relief against the United States

Tran's request for "[a]n order enjoining Defendants from ever garnishing Plaintiff's wages again" is unequivocally barred by the Anti-Injunction Act. See Compl. at 15 ("Relief Requested") [Doc. No. 1].

The Anti-Injunction Act states in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Supreme Court has held that the purpose of this statute is to "bar[] litigation to enjoin or otherwise obstruct the collection of [federal] taxes." Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 543 (2012).

There are only two exceptions to this clear prohibition. The first applies where the plaintiff can demonstrate both irreparable harm and a complete certainty of success on the merits. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7-8 (1962). Given that Tran has not demonstrated that he has actually paid or been assessed income taxes by the federal government, he cannot demonstrate irreparable harm. And given the expansive case law foreclosing Tran's exact legal argument—that taxes are *per se* unconstitutional—he is similarly incapable of demonstrating that such arguments are infallible. See, e.g., Welch v. Henry, 305 U.S. 134, 146 (1938) ("[t]axation is neither a penalty . . . nor a liability," and "no citizen enjoys

immunity from that burden"); Brushaber v. Union Pac. R. Co., 240 U.S. 1, 24 (1916) (income tax does not violate Due Process Clause); Quijano v. United States, 93 F.3d 26, 30 (1st Cir. 1996) (income tax does not violate Sixteenth Amendment); Jenkins v. Comm'r of Internal Revenue, 483 F.3d 90, 94 (2d Cir. 2007) (income tax does not violate First or Ninth Amendments); United States v. Buckner, 830 F.2d 102, 103 (7th Cir. 1987) (challenges to constitutionality of taxes are "obdurate refusal[s] to acknowledge the law").

The second exception applies where the plaintiff has no available alternative method for challenging the tax. South Carolina v. Regan, 465 U.S. 367, 378 (1984). But, as discussed below, the Internal Revenue Code clearly provides for an administrative pathway to contest taxes that were allegedly wrongfully assessed.

As a result, Tran's claims for injunctive relief against the United States are barred.

2. Plaintiff Has Failed to State a Claim for Monetary Damages against the United States

Tran's Complaint does not contain any specific factual allegations regarding taxes assessed by or paid to the United States government. Consequently, Tran has failed to state a claim for relief that would entitle him to compensatory damages in the form of a tax refund, or punitive damages as a result of any intentional wrongdoing by any party. Even if he had so stated, the statutory provision allowing for the recovery of monetary damages also includes an exhaustion provision, 26 U.S.C. § 7433(d)(1), and Tran does not allege facts showing that he exhausted his administrative remedies with the IRS prior to bringing this suit.[2]

---

[2] Tran's August 2022 letter does not comport with the express statutory and regulatory procedures, and so does not satisfy the exhaustion requirement. See Pl.'s Opp'n 3 [Doc. No. 21] (contending that Defendants were given "clear and conspicuous notice" of his grievances, and thus entitling him to punitive damages).

  C. *Claims Against the Federal Defendants in Their Individual Capacities*

In response to the United States' Motion to Dismiss [Doc. No. 12], Tran asserts that he brought claims against the Federal Defendants in their individual capacities only. Pl.'s Opp'n ¶¶ 3, 7, 9, 10 [Doc. No. 21]. But there are no allegations within the Complaint that relate to conduct by any named federal Defendant. Tran refers to the individual Federal Defendants only where he also lists their official job titles. Compl. ¶¶ 1, 8 [Doc. No. 1]. Nor did Tran serve the Federal Defendants in their individual capacities. See [Docs. No. 5, 6] (documenting failure to serve Janet Yellen and Bruce Summers). Further, when the United States expressly noted this failure in its Memorandum, see Def.'s Mem. MTD 9 [Doc. No. 13], Tran did not move to extend the time for proper service, to amend his Complaint, or to otherwise address the oversight. In sum, to the extent that the Complaint is asserted against the individual Federal Defendants, it is dismissed for failure to make proper service under Federal Rule of Civil Procedure 4 and failure to state a claim under Federal Rule of Civil Procedure 12.

**V. Conclusion**

For the foregoing reasons, Defendants' Motions to Dismiss [Doc. Nos. 12, 15] are GRANTED.

IT IS SO ORDERED

September 28, 2023            /s/ Indira Talwani
                             United States District Judge